CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 1 5 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JEFFREY N. COLEMAN, | ) | |
| Petitioner, | ) | Civil Action No. 7:07-cv-00269 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| K.J. BASSETT, | ) | By: Samuel G. Wilson |
| Respondent. | ) | United States District Judge |

Petitioner, Jeffrey N. Coleman, brings this habeas petition pursuant to 28 U.S.C. § 2254, challenging his conviction in the Circuit Court of Rockingham County for two aggravated malicious wounding charges and two related counts of use of a firearm. This matter is before the court on respondent's motion to dismiss. The court finds that Coleman's petition is untimely and that there are no grounds for equitable tolling. Therefore, the court grants respondent's motion to dismiss.

I.

On June 21, 1999, a jury in Rockingham County, Virginia found Coleman guilty of two counts of aggravated malicious wounding and two related counts of use of a firearm. The Circuit Court of Rockingham County sentenced Coleman to a total of 68 years incarceration. Coleman appealed his convictions to the Court of Appeal of Virginia, which dismissed the appeal as untimely filed on December 17, 1999. On December 13, 2000, Coleman filed a state habeas petition in the Circuit Court of Rockingham County, claiming, among other things that he was denied his right to appeal. On September 5, 2002, the Circuit Court granted Coleman leave to seek a belated appeal and dismissed his remaining claims without prejudice. On April 8, 2003, the Court of Appeals of Virginia, awarded Coleman an appeal on the issues of whether the trial court erred in denying his motion to suppress certain evidence, and whether the trial court erred in refusing to instruct the jury on self-defense. By Order, entered November 18, 2003, the Court of Appeals found that Coleman's

arguments had no merit and, thus, affirmed his convictions. Coleman appealed to the Supreme Court of Virginia, which refused his appeal on July 20, 2004. Coleman then sought a writ of certiorari in the Supreme Court of the United States, which denied his petition on November 29, 2004.

On August 18, 2006, Coleman filed a second state petition for writ of habeas corpus in the Circuit Court of Rockingham County. In his petition, he alleged several grounds of ineffective assistance. The Circuit Court denied and dismissed his petition on October 12, 2006, finding that his petition was not timely filed, that three of his claims were barred as successive, and that all of his claims lacked merit. Coleman appealed to the Supreme Court of Virginia, which refused the appeal on May 15, 2007.

Coleman filed the instant habeas petition on May 22, 2007, claiming that:

1. Counsel was ineffective during trial because "[t]he highest court in [Virginia] refused to find counsel ineffective contrary to federal law and standards";

2. Counsel was ineffective before trial because "[i]llegally seized evidence was used at [his] trial";

3. The "[h]ighest state court dismissed [his] habeas petition for failure to timely file contrary to U.S. Supreme Court ruling"; and

4. "The highest court in Virginia refused to hear claims of ineffective assistance contrary to U.S. Supreme Court rulings."

In support of his claims, Coleman references various attached documents which appear to be copies and excerpts of briefs and pleadings that were filed in his previous cases in state court. Respondent filed a motion to dismiss, arguing that Coleman's petition is untimely filed. Respondent also argues that even if his petition was not untimely filed, his claims are nevertheless procedurally defaulted.

2

Further, respondent argues that claims 1, 3, and 4 present no federal question and that the court should give deference to the state court's ruling with regard to claim 2. The court notified Coleman of respondent's motion to dismiss as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and allowed him the opportunity to respond. Coleman filed no response.

## II.

A one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d).[1] Coleman did not meet this one-year statute of limitations. Coleman had 365 days from November 29, 2004, the date on which his conviction became final, to file his federal habeas petition. Coleman did not meet this November 29, 2005 deadline; in fact, Coleman did not even file his state habeas petition until August 18, 2006.[2] Accordingly, Coleman's petition is barred unless he demonstrates grounds

---

[1] Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D). Here, Coleman has alleged nothing to support the application of § 2244(d)(1)(B - D). Under § 2244(d)(1)(A), Coleman's conviction became final on November 29, 2004, when the U.S. Supreme Court denied his petition for writ of certiorari.

[2] Coleman's one-year clock had already run by the time he filed his second state habeas petition; therefore, his state petition afforded Coleman no tolling under § 2244(d)(2).

3

for equitable tolling of the one-year statute of limitations.[3] Coleman makes no allegation regarding the timeliness of his current petition or argument in favor of equitable tolling. Accordingly, the court finds that Coleman has not demonstrated any grounds for to equitable tolling, and therefore, his petition is untimely filed.

### III.

For the foregoing reasons, the court grants the respondent's motion to dismiss and dismisses Coleman's § 2254 petition.

**ENTER:** This October 15, 2007.

_____
UNITED STATES DISTRICT JUDGE

---

[3] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D). A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998)).